UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS - KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:16-cv-00302-NCC ) |
| EDWARDS-KAMADULSKI, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Default Judgment. (Doc. 6). Defendant Edwards-Kamadulski, LLC, was served with the Complaint on March 9, 2016. (Doc. 3). Defendant did not file an Answer or otherwise appear in this case. On April 7, 2016, Plaintiffs filed a Request for Entry of Default by the Clerk and a Motion for Default Judgment. (Docs. 5, 6). On April 11, 2016, the Clerk entered default against Defendant. (Doc. 8). For the following reasons, Plaintiffs' Motion for Default Judgment (Doc. 6) is **GRANTED**.

## DISCUSSION

Upon entry of default, a defendant's liability is established. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). A defendant in default cannot contest the merits of the plaintiff's right to recover. *Id.* Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Id.* These principles apply to Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, benefit collection cases, such as the matter under consideration. *See e.g., Carpenters' Dist. Council of Greater St. Louis and Vicinity v. Hard Rock Foundations, LLC*, No. 4:13CV01549 AGF, 2013

WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013). Once liability is established, the only issue is the amount of damages owed. *Id.* (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988)). Affidavits may be submitted by a prevailing party to prove damages after the Clerk's entry of default. *United Artist Corp. v. Freemen*, 605 F.2d 854, 857 (5th Cir. 1979) (recognizing affidavits and supporting documents as appropriate mechanisms by which to prove damages).

The relief provided for in ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), is mandatory. *Poole v. Commercial Trailer Servs., Inc.*, No. 4:08CV00455 RWS, 2008 WL 2098159, at *2 (E.D. Mo. May 16, 2008) (citing *Northwest Admr's, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996)). Among the various elements of relief is an award of delinquent contributions, interest, liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2)(A)-(D).

**A. Outstanding Contributions:**

The Court finds that Defendant was bound by a collective bargaining agreement with Plaintiffs, the benefit funds affiliated with the St. Louis-Kansas City Carpenters Regional Council ("Regional Council"), from May 7, 2008 through the present. Defendant was a signatory to a collective bargaining agreement effective from May 7, 2008 through April 30, 2013. (Doc. 6-2 (Aff. Laramie) ¶¶ 2, 3; Docs. 6-3, 6-4). A new collective bargaining agreement was negotiated effective from May 5, 2013 to the present. Although, Defendant did not execute the most recent agreement, Defendant failed to give notice to terminate the prior collective bargaining agreement and continued to submit reports and contributions to the Regional Council. (Aff. Laramie ¶¶ 2, 3). The Court finds this conduct sufficient to establish that Defendant intended to be bound by the most recent collective bargaining agreement with Plaintiffs. *See O'Connell v. Mason's Landscaping & Const. Servs., Inc.*, No. 4:04CV01807AGF, 2006 WL 83493, at *2 (E.D. Mo. Jan. 12, 2006) ("in an action to recover delinquent ERISA contributions

due under a [collective bargaining agreement], the existence of the CBA 'is not dependent on the reduction to writing of the parties' intention to be bound . . . rather all that is required is conduct manifesting an intention to abide and be bound by the terms of an agreement.' ") (citing *Bricklayers Local 21 of Illinois Apprenticeship & Training Program v. Banner Restoration, Inc*, 385 F.3d 761, 765 (7th Cir. 2004)).

The controlling collective bargaining agreement requires payment of liquidated damages on delinquent contributions plus annual interest. (Aff. Laramie ¶ 7; Doc. 6-5 at 5-6). Based on hours reported by Defendant without payment, Plaintiffs seek recovery of $7,500.66 in delinquent contributions for the period of September 16, 2015 through November 17, 2015. Plaintiffs support their request for delinquent contributions with the Affidavit of Juli Laramie, an accountant and the controller for the Regional Council. (Aff. Laramie ¶¶ 1, 8). Therefore, Plaintiffs are awarded $7,500.66 in delinquent contributions.

**B. Interest:**

Plaintiffs further request interest in the amount of $80.00. Pursuant to 29 U.S.C. § 1132(g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." The agreement provides for interest on unpaid contributions to be paid at "interest not greater than 10% per annum on delinquent contributions." (Doc. 6-5 at 6). Plaintiffs have provided a table reflecting the calculation by an accountant of interest due. (Doc. 6-8). Therefore, Plaintiffs are awarded interest in the amount of $80.00.

**C. Liquidated Damages:**

Plaintiffs request liquidated damages in the amount of 20% of the delinquency pursuant to the agreement. Liquidated damages are also mandated by ERISA, 29 U.S.C. §

1132(g)(2)(C)(ii). Plaintiffs request liquidated damages of $799.59. Their request is supported by the Affidavit of Accountant Laramie and a table indicating the Accountant's calculations. (Aff. Laramie at ¶ 8; Doc. 6-8). Plaintiffs, therefore, are awarded the requested amount of liquidated damages.

**D. Attorneys' Fees and Costs:**

Finally, Plaintiffs request attorneys' fees and costs pursuant to ERISA, § 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $1,031.16 in attorneys' fees, as supported by the Affidavit of Counsel. (Doc. 6-1). The Court has reviewed the Affidavit and records and finds that the fees expended and costs incurred were reasonable, and finds that Plaintiffs shall have judgment for the amounts requested.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded outstanding contributions in the amount of $7,500.66, liquidated damages in the amount of $799.59, interest in the amount of $80.00, and attorneys' fees and court costs in the amount of $1,031.16, for a total of $9,411.41.

Dated this 25th day of April, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE